PLEUS, J.
The parties to this appeal assert that this court has jurisdiction of the non-final order entered in this case, as one determining, as a matter of law, that a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law. See Fla. R.App. P. 9.130(a)(3)(C)(viii); Tucker v. Resha, 648 So.2d 1187 (Fla.1994). The trial court, however, did not determine, as a matter of law, that summary judgment in favor of the defendants was improper. It simply denied the defendants’ motion for summary judgment.
In Hastings v. Demming, 694 So.2d 718, 720 (Fla.1997), the supreme court held:
Non-final orders denying summary judgment on a claim of workers’ compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party. In those limited cases, the party is precluded from having a jury decide whether a plaintiffs remedy is limited to workers’ *600 compensation benefits and, therefore, an appeal is proper. Otherwise, the denial of the summary judgment may be based on a factual dispute and the party is still likely able to present an immunity defense to the jury. In those cases, the new rule makes clear that the district courts have no jurisdiction to hear an appeal of the nonfinal order.
The rule of review pertaining to the denial of the defense of a qualified or absolute immunity in a civil rights claim arising under federal law, like the rule pertaining to claims of immunity in a workers’ compensation case, requires, as a condition of appellate review, an order which determines that the defendants, as a matter of law, cannot raise the immunity defense. Fla. R.App. P. 9.130(a)(3)(C)(viii); see also Vermette v. Ludwig, 707 So.2d 742 (Fla. 2d DCA 1997), rev. denied, 717 So.2d 534 (Fla.), cert. denied, 525 U.S. 984, 119 S.Ct. 449, 142 L.Ed.2d 403 (1998). Otherwise, as the supreme court noted in Hastings, the denial of the motion may be based on a factual dispute in which the defendants may still likely be able to present an immunity defense to the jury.
In order for the trial court to issue a renewable order denying the officers’ their immunity defenses, the order must state that these defenses, as a matter of law, are not available.
The appeal is dismissed because this court lacks jurisdiction.
DISMISSED.
COBB and SAWAYA, JJ., concur.