# Supreme Court of Florida

————————

No. SC13-455

————————

**BEACH COMMUNITY BANK,**
Petitioner,

vs.

**CITY OF FREEPORT, FLORIDA,**
Respondent.

[November 13, 2014]

PER CURIAM.

Beach Community Bank seeks review of the decision of the First District Court of Appeal in City of Freeport v. Beach Community Bank, 108 So. 3d 684 (Fla. 1st DCA 2013), in which the First District held that it could exercise its certiorari jurisdiction to review the trial court's nonfinal order finding that the City of Freeport was not immune from suit based on sovereign immunity. In its decision, the First District relied in part on Miami-Dade County v. Rodriguez, 67 So. 3d 1213 (Fla. 3d DCA 2011), a decision that this Court was considering on appeal at the time. We accordingly have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So. 2d 418, 420 (Fla. 1981).

We stayed the proceedings in <u>Beach Community Bank</u> pending our disposition in <u>Rodriguez</u>, in which the Third District Court of Appeal used its certiorari jurisdiction to address whether the defendant was immune from suit based on principles of sovereign immunity. <u>See</u> <u>Rodriguez</u>, 67 So. 3d at 1223. Subsequently, in <u>Rodriguez</u>, we quashed the Third District's decision and held that certiorari review was improperly used in that case, after analyzing both "irreparable harm" and "departure from the essential requirements of law." <u>Rodriguez v. Miami-Dade Cnty.</u>, 117 So. 3d 400, 404-06 (Fla. 2013). We further stressed that <u>Rodriguez</u> involved essential factual disputes that are not appropriately addressed through a petition for a writ of certiorari. <u>Id.</u> at 402.

After our decision in <u>Rodriguez</u> was final, we issued an order to show cause in this case requesting that the parties respond as to why the First District's decision in this case should not be quashed based on our decision in <u>Rodriguez</u>. While conceding that <u>Rodriguez</u> is dispositive as to the First District's decision, the City urges this Court to accept review and determine that Florida Rule of Appellate Procedure 9.130, which enumerates the types of nonfinal orders that district courts may review, should be expanded to encompass orders determining, as a matter of law, whether a party is entitled to immunity based on sovereign immunity. The City stresses that, in contrast to <u>Rodriguez</u>, this case involves a pure legal question

turning on whether the allegations of negligence against the City concern discretionary, planning-level decisions.

Significantly, in deciding whether to accept review in this case, it is important to point out that the Florida Bar Appellate Court Rules Committee has already submitted a proposed amendment to rule 9.130, which has been addressed in In re Amendments to Florida Rule of Appellate Procedure 9.130, No. SC13-1493 (Fla. Nov. 13, 2014), and answers the question that the City asks this Court to confront in this case. This amendment permits district courts to review nonfinal orders of decisions determining entitlement to sovereign immunity where the case involves a pure legal question.

In this case, the First District concluded that the City's claim to sovereign immunity rested on a pure question of law. We agree. Because this case falls squarely within the new rule amendment, we determine that the City should be entitled to the benefit of the new rule. This procedure is similar to the procedure that we followed in Keck v. Eminisor, 104 So. 3d 359, 366 (Fla. 2012), where this Court held that the defendant's claim of individual immunity should be subject to interlocutory review by a narrow amendment to rule 9.130, as opposed to utilizing a common law writ of certiorari. Accordingly, we remanded the case for proceedings consistent with our opinion and requested the Florida Bar Appellate Court Rules Committee to submit a proposed amendment that would address the

rule change mandated by our decision in Keck. See also Tucker v. Resha, 648 So. 2d 1187, 1190 (Fla. 1994) (agreeing with the district court's conclusion that Florida's appellate rules at the time did not provide for interlocutory review of the nonfinal order and amending the appellate rules immediately to permit interlocutory review of a claim of qualified immunity to the extent that the order turns on an issue of law); Mandico v. Taos Constr., Inc., 605 So. 2d 850, 855 (Fla. 1992) (quashing the decision to the extent that the district court addressed the legal issue through an improper extraordinary writ, but declaring that the rules of appellate procedure must be amended immediately and approving the decision to dismiss the suit).

Here, Beach Community Bank filed an action against the City of Freeport, asserting that the City failed to ensure a real estate developer posted an adequate security for completion of the infrastructure and failed to conduct a reasonable investigation to ascertain the authenticity and adequacy of the letter of credit, including whether the bank that issued the letter of credit was financially able to pay the letter of credit if it were called. The City moved to dismiss the complaint, asserting that the City did not owe Beach Community Bank any duty of care as to its claim and even if a duty existed, the City had complied with its own Land Development Code (LDC) so requesting additional acts beyond that explicitly required by the LDC was a challenge to the City's policy-making, planning-level

decisions, to which sovereign immunity applies. The First District held that the

City was entitled to sovereign immunity, resolving that question of law as follows:

> The Bank's complaint alleged that, having adopted a provision in its LDC giving the City the authority to require the developer to post security to ensure completion of the Riverwalk development, and in fact having required such security in this case, the City negligently enforced its LDC by failing to conduct a reasonable investigation into the adequacy of the security posted by the developer. Specifically, the complaint alleged that the City was negligent by failing to conduct any investigation of DC Capital to determine the authenticity of the letter of credit and by further failing to investigate DC Capital's financial ability to pay if the letter of credit was called.
>
> To answer the question of whether sovereign immunity bars this action, it is necessary to determine whether the negligence alleged by the Bank relates to a discretionary or operational function of government. In this context, a "discretionary," planning-level function involves "an exercise of executive or legislative power such that a court's intervention by way of tort law would inappropriately entangle the court in fundamental questions of policy and planning." Mosby v. Harrell, 909 So. 2d 323, 328 (Fla. 1st DCA 2005). An "operational" function, on the other hand, "is one not necessary to or inherent in policy or planning, that merely reflects a secondary decision as to how those policies or plans will be implemented." Dep't of Health & Rehabilitative Servs. v. B.J.M., 656 So. 2d 906, 911 n.4 (Fla. 1995); Mosby, 909 So. 2d at 328. Operational decisions are not immune. Trianon Park Condo. Ass'n v. City of Hialeah, [468 So. 2d 912, 924 (Fla. 1985)]. "Functionally, the discretionary-versus-operational test is intended to determine where, in the area of governmental processes, orthodox tort liability stops and the act of governing begins." Wallace [v. Dean, 3 So. 3d 1035, 1044 (Fla. 2009)] (internal quotations omitted).
>
> The City asserts it is immune from suit because its decisions concerning how it allocates its resources, enforces its laws, and protects the public are matters usually protected from judicial interference. See Trianon Park Condo. Ass'n, 468 So. 2d at 918-20 ("[C]ertain discretionary functions of government are inherent in the act of governing and are immune from suit."). In Carter v. City of Stuart, 468 So. 2d 955, 957 (Fla. 1985), the Florida Supreme Court

held that a city's discretionary choice to enforce laws, including the priority and manner of enforcement, is a planning-level, judgmental decision for which the government is immune from liability. Applying this principle to the facts of the case, the Carter court determined that the amount of resources and number of employees to be allocated to the enforcement of an "animal control" ordinance were municipal "policy decisions" over which the city had the right to set priorities regarding whether or not to enforce its ordinance. Id.

By analogy to Carter, the City, as the sovereign, asserts its right to enforce its own LDC, to enforce it partly, or not to enforce it at all. The City had the right to decide what level of compliance was sufficient and how much, if any, of its limited resources should be allocated to enforcing compliance by a developer putting up security for an approved development. . . .

As a matter of policy, the City had the right to decide it would require developers to post security. In so doing, the LDC obliged the City to approve as adequate the amount of the security, which is calculated based on the criterion expressed in the LDC. The Bank does not challenge the amount of the security posted. The City's decision that receipt of a written guarantee of security was sufficient compliance with the LDC falls within a municipality's inherent, fundamental policy-making authority. Regardless of its wisdom, the City's decision not to dedicate resources towards fraud prevention by investigating the authenticity of the security or the financial solvency of its backer, was a policy decision that we are not permitted to second-guess.

Beach Community Bank, 108 So. 3d at 690-91. We agree that the City was entitled to sovereign immunity regarding the question presented here.

The amendment to rule 9.130 covers this exact scenario pertaining to a nonfinal order denying a sovereign immunity defense as a matter of law. Accordingly, we accept jurisdiction and quash the decision below to the extent that the First District relied on Rodriguez to review the question based on a writ of certiorari. However, because the amendment addressed in In re Amendments to

- 6 -

<u>Florida Rule of Appellate Procedure 9.130</u>, No. SC13-1493, covers this exact scenario pertaining to a nonfinal order denying a sovereign immunity defense as a matter of law, and because we approve the opinion below as it relates to whether the City was entitled to sovereign immunity in this case, we remand this case for further proceedings consistent with this opinion. <u>See, e.g.</u>, <u>Mandico</u>, 605 So. 2d at 855 (following a similar procedure where the Florida Rules of Appellate Procedure were amended after the district court addressed the legal issue through the improper use of an extraordinary writ).

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, and PERRY, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion.
CANADY and POLSTON, JJ., concur in result only.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

LEWIS, J., concurring in part and dissenting in part.

I agree with the majority to the extent that the decision below be quashed based upon reliance on <u>Miami-Dade County v. Rodriguez</u>, 67 So. 3d 1213 (Fla. 3d DCA 2011). However, I dissent with regard to the retroactive application of a significant Court opinion directed rule change.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

First District - Case No. 1D12-3415

(Walton County)

Steven Brownlow Bauman and Jeffrey Leonard Burns of Anchors Smith Grimsley, Fort Walton Beach, Florida,

    for Petitioner

Scott J. Seagle and Gwendolyn Palmer Adkins of Coppins Monroe Adkins & Dincman, P.A., Tallahassee, Florida,

    for Respondent