IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


TANYA TAIVAL, D.O.,

   Appellant,

 v.                Case No.  5D15-934

LACEY BARRETT, INDIVIDUALLY,
ETC., ET AL,

   Appellees.

_____/

Opinion filed July 15, 2016

Non-Final Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

David O. Doyle, Jr. and Adam M. Pastis, of
GrayRobinson, P.A., Orlando, for
Appellant.

Bryan S. Gowdy and Rebecca Bowen
Creed, of Creed & Gowdy, P.A.,
Jacksonville, for Appellees, Lacy Barrett,
individually, and/or Personal
Representative of the Estate of Lily Barrett,
deceased, and Kevin Richmond,
individually.

No Appearance for other Appellees.

PER CURIAM.

   In this medical malpractice case, Tania Taival, D.O., appeals the non-final order

denying her motion for summary judgment on the issue of sovereign immunity.  See §

768.28(9), Fla. Stat. (2012). Dr. Taival asserts that this court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(x), because the issue of her immunity from suit turns on a question of law. We disagree. As we have previously explained, an order that simply denies the defendant's motion for summary judgment, but does not determine, as a matter of law, that summary judgment is improper, is not appealable. See Tindel v. Kessler, 772 So. 2d 599, 599 (Fla. 5th DCA 2000); see also Gionis v. Headwest, Inc., 799 So. 2d 416, 417-18 (Fla. 5th DCA 2001) (finding order denying summary judgment not appealable as non-final order where the trial court's ruling is based upon disputed issues of fact, not a conclusion of law). Accordingly, we dismiss the appeal for lack of jurisdiction.[1]

DISMISSED.

BERGER, WALLIS and LAMBERT, JJ. , concur.

---

[1] Were we to treat this appeal as a petition for writ of certiorari, said petition would be denied. See Rodriguez v. Miami-Dade Cty., 117 So. 3d 400, 405 (Fla. 2013) (holding that even though section 768.28(9)(a) provides that a governmental employee not "be named as a party defendant" for acts within the scope of his or her employment, "the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm"); see also Ondrey v. Patterson, 884 So. 2d 50, 55 (Fla. 2d DCA 2004) (denying petition for certiorari because there was a genuine issue of material fact regarding corrections officer's entitlement to immunity); Stephens v. Geoghegan, 702 So. 2d 517, 525 n.4 (Fla. 2d DCA 1997) (explaining that there is no departure from the essential requirements of law when a trial court denies summary judgment to a public official because of disputed issues of fact regarding immunity and such denial "prior to trial is unavoidable and irremediable").