# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-928
Lower Tribunal No. 15-24559
_____

**Eagle Arts Academy, Inc.,**
Appellant,

vs.

**Tri-City Electric Co., Inc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Weiss, Handler & Cornwell, P.A. and William J. Cornwell and Seth A. Kolton (Boca Raton), for appellant.

Elder & Lewis, P.A. and Kerry H. Lewis and David B. Williams, for appellee.

Before SUAREZ, C.J., and LAGOA and SALTER, JJ.

SUAREZ, C.J.

Eagle Arts Academy ["EAA"] appeals from a non-final order summarily denying its motion to dismiss the complaint against it by Tri-County Electric Company, Inc. We dismiss the appeal for lack of jurisdiction.

Although Florida Rule of Appellate Procedure 9.130(a)(3)(C)(xi) [1] authorizes appeals of non-final orders <u>that determine, as a matter of law</u>, that a party is not entitled to sovereign immunity, the order on appeal makes no explicit or implicit finding as a matter of law that EAA is not entitled to sovereign immunity. <u>Compare</u> <u>Hastings v. Demming</u>, 694 So. 2d 718 (Fla. 1997) (holding that a final order denying summary judgment on a claim of workers' compensation immunity is not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party); <u>Taival v. Barrett</u>, 2016 WL 3866113 (Fla. 5th DCA July 2015) ("[A]n order that simply denies the defendant's motion [for summary judgment], but does not determine as a matter of law that summary judgment is improper, is not appealable."). The order summarily denying the motion to dismiss and requiring the defendant EAA to answer is simply and correctly the trial court's determination that based on the four corners of the Complaint the matter may move forward on the allegations. <u>See</u> <u>Lewis v. Barnett Bank of S. Fla., N.A.</u>, 604 So. 2d 937, 938 (Fla. 3d DCA 1992) (holding that on a motion to dismiss, the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint is not authorized to

---

[1] <u>In re Amendments to Florida Rule of Appellate Procedure 9.130</u>, 151 So. 3d 1217 (Fla. 2014).

2

consider any other facts); <u>Barbado v. Green & Murphy, P.A.</u>, 758 So. 2d 1173, 1174 (Fla. 4th DCA 2000) (holding a motion to dismiss tests the legal sufficiency of the complaint and a court may not go beyond the four corners of the complaint in considering the legal sufficiency of the allegations).

Dismissed.