# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3940

_____

FLORIDA HIGHWAY PATROL, a
division of the Florida
Department of Highway Safety
and Motor Vehicles,

      Appellant,

      v.

LASHONTA RENEA JACKSON, as
personal representative of the
Estate of Vontavia Kiara
Robinson,

      Appellee.

_____


On appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

February 23, 2018


WINOKUR, J.

Immunity from suit is meaningless if a court denies immunity to a party entitled to it, forcing the party to stand trial and appeal the improper denial of immunity. This case concerns our jurisdiction to hear an interlocutory appeal of an order denying immunity to a party claiming entitlement to it. The trial court denied a motion for summary judgment filed by the Florida Highway Patrol (FHP), which had argued, among other things,

that it was immune from suit. FHP asserts that we have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(xi), which permits appellate review of non-final orders that determine "as a matter of law" that a party is not entitled to sovereign immunity. Because the order under review did not explicitly determine, as a matter of law, that FHP was not entitled to sovereign immunity, we dismiss this appeal. But because we perceive an inconsistency between the Florida Supreme Court's decision in *Beach Community Bank v. City of Freeport,* 150 So. 3d 1111 (Fla. 2014), and other cases regarding the specificity with which a court must deny an immunity motion "as a matter of law" to permit interlocutory appellate review, we certify a question of great public importance to the Florida Supreme Court.

## BACKGROUND

On January 28, 2012, a brush fire started on Paynes Prairie Preserve in Alachua County. Near midnight on January 29, 2012, two traffic crashes occurred, one on I-75 and one on US-441, both of which included reduced visibility from the fire as a contributing factor. Both roads were closed due to the crashes and visibility concerns, and traffic was diverted onto smaller roads. Several hours later, FHP weighed the safety risks involved with keeping both roads closed, determined that visibility conditions had improved, and reopened I-75. Shortly after, the decedent Vontavia Robinson was driving on I-75 when he was involved in a fatal multiple-vehicle collision due to a sudden deterioration in visibility.

Lashonta Renea Jackson, as personal representative of Robinson's estate, filed an action against FHP alleging negligence in the reopening of I-75. FHP filed a motion for summary judgment asserting that sovereign immunity protected its discretionary decision to reopen the interstate. The trial court denied FHP's motion, finding that disputed factual issues precluded summary judgment.[1] FHP appeals from this order.

---

[1] FHP also argued that no material issue of fact existed to support a common-law duty of care it owed to Robinson, as opposed to the general public. Whether a governmental entity

2

ANALYSIS

*I. Appealability of non-final orders denying immunity*

Only recently were the rules of appellate procedure amended to permit interlocutory appeals of orders denying sovereign immunity. *In re Amendments to Fla. Rule of Appellate Procedure 9.130*, 151 So. 3d 1217, 1218 (Fla. 2014). In order to understand how this rule should be applied here, a review of the background leading to the amended rule is helpful.

In *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), the United States Supreme Court addressed the pre-trial appealability of an order denying qualified immunity, which protects public officials from federal civil-rights claims under certain circumstances. The Court described such immunity as not simply a defense to liability, but an immunity from suit, which "is effectively lost if a case is erroneously permitted to go to trial." *Id.* Accordingly, "denial of a claim of qualified immunity, *to the extent that it turns on an issue of law*" is subject to interlocutory review. *Id.* at 530 (emphasis added).

When the Florida Supreme Court encountered this issue in state-court suits, it noted that the Florida Rules of Appellate Procedure at the time did not permit appellate review of non-final orders denying most types of immunity. *Tucker v. Resha*, 648 So.

---

owes a duty of care to a particular plaintiff is often intertwined with the question of whether the governmental action is discretionary and therefore immune from suit, but the issues are "*conceptually distinct.*" *Wallace v. Dean*, 3 So. 3d 1035, 1044 (Fla. 2009). While FHP raised these issues distinctly in its motion, the trial court found only that "[d]isputed issues of material fact exist" without specifying whether the disputed issues relate to the lack-of-duty claim or to the sovereign-immunity claim. We treat the order as if the court meant to deny the motion on the immunity ground, because that is the only basis on which FHP could seek an interlocutory appeal under Rule 9.130.

2d 1187, 1189 (Fla. 1994).[2] Citing *Mitchell*, the Court agreed that qualified immunity is immunity from suit, and not merely a defense to liability, and that such immunity is lost and cannot be restored on appeal if one is erroneously required to litigate. *Id.* "[I]f orders denying summary judgment based upon claims of qualified immunity are not subject to interlocutory review, the qualified immunity of public officials is illusory and the very policy that animates the decision to afford such immunity is thwarted." *Id.* at 1190. In order to make such immunity real rather than illusory, the Court requested an amendment to Rule 9.130 providing that "an order denying summary judgment based upon a claim of qualified immunity is subject to interlocutory review to the extent that the order *turns on an issue of law*." *Id.* at 1190 (emphasis added).

Two years after deciding *Tucker*, the Florida Supreme Court refused to extend the *Tucker* rule to governmental claims of sovereign immunity. *Dep't of Educ. v. Roe*, 679 So. 2d 756, 757 (Fla. 1996). The Court stated, "[o]ftentimes, the applicability of the sovereign immunity waiver is inextricably tied to the underlying facts, requiring a trial on the merits. Thus, many interlocutory decisions would be inconclusive and in our view a waste of judicial resources." *Id.* at 758. The Court found that sovereign immunity, unlike qualified immunity, is not rooted on a worry of undue influence on public officials, and its applicability would not have a chilling effect on public officials doing their jobs. *Id.* at 759. As such, the benefit of sovereign immunity "will not be lost simply because review must wait until after final judgment," and the Court declined to permit interlocutory appeals of orders denying sovereign immunity. *Id.*

The Court later analyzed the individual immunity protections of section 768.28(9)(a), Florida Statutes, and

---

[2] The first type of order denying immunity that could be challenged by interlocutory appeal was one denying workers' compensation immunity, which was authorized two years prior to *Tucker*. *See Mandico v. Taos Constr., Inc.*, 605 So. 2d 850 (Fla. 1992); *In re Amendments to Fla. Rules of Appellate Procedure*, 609 So. 2d 516, 517 (Fla. 1992).

4

determined that this immunity is more similar to qualified immunity, as described in *Tucker*, than to sovereign immunity, as described in *Roe. Keck v. Eminisor*, 104 So. 3d 359 (Fla. 2012). As such, the Court held that interlocutory review of orders denying the immunity protections of section 768.28(9)(a) would be permitted "where the issue turns on a question of law." *Id.* at 366. In a concurring opinion, a majority of the Court requested a review as to whether Rule 9.130 should be expanded so that "the denial of any claim of immunity where the question presented is solely a question of law" should be subject to interlocutory appeal. *Id.* at 370 (Pariente, J., concurring).

After the Florida Bar Appellate Court Rules Committee proposed an amendment to Rule 9.130(a)(3) in response to the Court's request in *Keck*, the Court adopted two new subdivisions to the rule, permitting appellate review of non-final orders determining that "as a matter of law, a party is not entitled to" immunity under section 768.28(9), or to sovereign immunity. *In re Amendments to Fla. Rule of Appellate Procedure 9.130*, 151 So. 3d at 1218; Fla. R. App. P. 9.130(a)(3)(C)(x) and (xi). The Court did not specify the extent the amended rule abrogated *Roe*, which had specifically prohibited interlocutory appeal of orders denying sovereign immunity.

The Florida Supreme Court addressed the appealability of an order denying sovereign immunity most recently in *Beach Community Bank v. City of Freeport,* decided the same day as the 2014 amendment to Rule 9.130. Our Court had granted a writ of certiorari after the trial court denied the defendant's motion to dismiss based on sovereign immunity. *Beach Community Bank*, 150 So. 3d at 1112. The supreme court stated that the new amendment "permits district courts to review nonfinal orders of decisions determining entitlement to sovereign immunity where the case involves a pure legal question." *Id.* at 1113. The Court agreed that the defendant's sovereign immunity claim "rested on a pure question of law," which "falls squarely within the new rule amendment." *Id.* However, at no point did the Court discuss the language of the trial court's order or whether it specifically decided that immunity was not an available defense; it simply found that the issue was a question of law and, thus, within the ambit of the amendment permitting appellate review.

5

*II. Requirement that the challenged order determine that
the party is not entitled to immunity "as a matter of law"*

Both federal law and Florida law prohibit interlocutory appeal of an order denying immunity unless the order determines as a matter of law that the party is not entitled to immunity. *See e.g., Mitchell*, 472 U.S. at 530; Fla. R. App. P. 9.130(a)(3)(C)(v), (vii), (x), and (xi). In analyzing whether an order has rejected an immunity claim "as a matter of law," it is worth noting as a preliminary matter that the United States Supreme Court has ruled that immunity questions generally must be resolved by the court rather than the jury. *Hunter v. Bryant*, 502 U.S. 224 (1991). In *Hunter*, the Court "stressed the importance of resolving immunity questions at the earliest possible stage in litigation" after a federal appellate court denied summary judgment and held that a factual determination should be decided by the trier of fact. *Id.* at 227. The Court rejected the lower court's approach because it would "routinely place[] the question of immunity in the hands of the jury. Immunity ordinarily should be decided by the court long before trial." *Id.* at 228; *see also Greene v. Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996) ("*Hunter* established that the determination of whether qualified immunity applies to an officer's judgment as to probable cause is one for the court, not the jury, to make"); *Ansley v. Heinrich*, 925 F.2d 1339, 1348 (11th Cir. 1991) ("[Q]ualified immunity is a question of law for the court to decide preferably on pretrial motions."). This rule seems necessary in light of the Court's observation that immunity "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526. Requiring a jury to find facts supporting an immunity claim at trial has this effect.[3] This

---

[3] It is also worth noting that "the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Thus, it would be constitutionally permissible for the trial court to resolve factual issues to determine whether a party is entitled to sovereign immunity. For instance, the Florida Supreme Court has ruled that the trial court must decide factual issues involving "Stand Your Ground" immunity from prosecution. *Dennis v. State*, 51 So. 3d 456, 464 (Fla. 2010) ("[W]here a criminal defendant files a motion to dismiss pursuant to [the Stand Your

observation should be remembered when deciding whether a court has determined an immunity issue "as a matter of law."

Again, the Supreme Court in *Mitchell* permitted interlocutory appeal of an order denying immunity that "finally and conclusively determines the defendant's claim of right not to stand trial on the plaintiff's allegations," "to the extent that it turns on an issue of law." *Mitchell*, 472 U.S. at 527, 530. The Court clarified this rule in *Johnson v. Jones*, 515 U.S. 304 (1995), where it ruled that interlocutory appeal is *not* available when the trial court determines that factual issues genuinely in dispute preclude summary judgment. In *Johnson*, the plaintiff alleged that police officers used excessive force and beat him. *Id.* at 307. The officers moved for summary judgment on the ground that they were not present at the time of the alleged beating. *Id.* at 307-08. The trial court denied their motion on the ground that some evidence supported the plaintiff's allegations that the officers were in fact present. *Id.* at 308. The Supreme Court held that the order was not appealable because it merely decided "a question of 'evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial." *Id.* at 313.

In contrast, the Supreme Court permitted interlocutory review in *Scott v. Harris*, 550 U.S. 372 (2007). The plaintiff in *Scott* also alleged that an officer used excessive force, and the officer moved for summary judgment based on qualified immunity. *Id.* at 375-76. The trial court denied the motion, finding that "there are material issues of fact on which the issue of qualified immunity turns which present sufficient disagreement to require submission to a jury." *Id.* at 376. In spite of the trial court's order that material issues of fact precluded a ruling on the qualified immunity claim, the Supreme Court found that the plaintiff's version of the facts was not supported by the record, that the issue was therefore a "pure question of law," and that summary judgment should have been granted. *Id.* at 381 n.8. Thus, the Supreme Court has ruled that an order denying summary judgment, even if based on the existence of "disputed

Ground immunity statute], the trial court should decide the factual question of the applicability of the statutory immunity").

issues of material fact," can still be subject to interlocutory review if the trial court incorrectly ruled that the material facts were in dispute. *See also Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014) (allowing interlocutory appeal of summary-judgment order denying qualified immunity, and distinguishing *Johnson* on the ground that the disputed issue in *Johnson* was purely factual).

Florida has taken a much stricter view, compared to federal courts, of the requirement that an order deny immunity "as a matter of law" before permitting an interlocutory appeal. In *Hastings v. Demming*, 694 So. 2d 718, 720 (Fla. 1997), the court ruled that an interlocutory appeal of an order denying workers' compensation immunity was not permitted "unless the trial court order *specifically states that, as a matter of law, such a defense is not available to a party*" (emphasis supplied). *Reeves v. Fleetwood Homes of Florida, Inc.*, 889 So. 2d 812, 821 (Fla. 2004), reaffirmed *Hastings*, and required a "determination, on the face of the order" that the defendant, as a matter of law, is not entitled to workers' compensation immunity in order to file an interlocutory appeal. "The lower courts of Florida have strictly adhered to this Court's decisions in *Hastings* and *Culver*,[4] determining that a district court does not have jurisdiction to review a nonfinal order denying summary final judgment *unless the trial court's order explicitly states that the defendant will not be entitled to present a workers' compensation immunity defense at trial*." *Id.* (emphasis supplied).

The "as a matter of law" language appears identically in all of the subdivisions in Rule 9.130(a)(3)(C) involving orders denying immunity. Fla. R. App. P. 9.130(a)(3)(C)(v), (vii), (x), and (xi). As such, all of the subdivisions should be construed identically. *See Miami-Dade County v. Pozos*, 42 Fla. L. Weekly D418, D419 (Fla. 3d DCA Feb. 15, 2017); s*ee also Tindel v.*

---

4 *Fla. Dep't of Corrs. v. Culver*, 716 So. 2d 768 (Fla. 1998) (clarifying *Hastings* by holding that an appellate court must determine that the lower court denied immunity from the face of the order alone, without looking at the record to determine whether the lower court correctly found that disputed issues of material fact actually existed).

*Kessler*, 772 So. 2d 599 (Fla. 5th DCA 2000) (applying the *Hastings* rule to dismiss an appeal of an order denying qualified immunity). In short, a defendant in Florida asserting that the trial court erroneously denied immunity may not appeal unless the order *explicitly* states that the defendant is not entitled to immunity.

*Miami-Dade County v. Pozos* applies this rule. The county moved for summary judgment on the ground that sovereign immunity barred the suit, but the trial court's order denying the motion stated only, "the motion for summary judgment is denied." 42 Fla. L. Weekly at D418. Applying *Hastings* and *Reeves*, the *Pozos* court noted that the trial court made no specific determination that the county was not entitled to immunity, and dismissed the appeal. *Id.* at D420.[5] Although the dissenting opinion argued persuasively that the county was in fact entitled to sovereign immunity *as a matter of law*, and that the trial court therefore erred in denying immunity, it did not address *Hastings* and *Reeves*, on which the majority based its ruling dismissing the appeal. *Id.* at D420-425 (Rothenberg, J., dissenting).

*Pozos* exposes the difficulty with the *Hastings* rule. Even if the defendant had been unquestionably entitled to summary judgment as a matter of law, the trial court's failure to explicitly indicate its basis for denial prohibits interlocutory review and forces a party immune from suit to stand trial. This result is clearly inconsistent with the oft-stated importance of resolving immunity matters early in litigation. While the Florida Supreme Court has demonstrated willingness to expand the reviewability of orders denying sovereign immunity, the *Hastings* rule substantially restricts review. The *Hastings* rule also permits a trial court to frustrate a party's legitimate assertion of immunity simply by failing to provide reasons for a denial of an immunity

---

[5] *See also Eagle Arts Acad., Inc. v. Tri-City Elec. Co., Inc.*, 211 So. 3d 1083, 1084 (Fla. 3d DCA 2017) (dismissing the appeal of an order denying summary judgment based on sovereign immunity because the order did not find that the defendant was not entitled to sovereign immunity as a matter of law); *Taival v. Barrett*, 204 So. 3d 486 (Fla. 5th DCA 2016) (same).

motion. The approach taken by the United States Supreme Court avoids these pitfalls by permitting interlocutory review of any order denying immunity that turn on an issue of law, regardless of whether the order explicitly says so, even when the trial court finds (erroneously) that disputed issues of material fact exist.

## III. Application to this case

The trial court here denied FHP's motion for summary judgment on the ground that "[d]isputed issues of material fact exist, including, but not limited to, the extent and adequacy of [FHP]'s continued monitoring of the roadway, that prevent the entry of Final Summary Judgment." Any dispute related to the quality of FHP's monitoring the interstate does not seem to relate to the question of whether FHP is immune from suit. Instead, these disputed facts relate to the question of FHP's negligence, rather than its immunity from suit.

In this respect, the order under review is similar to the order in *Pozos*, in that neither order gives reasons for its denial of the sovereign-immunity claim, much less rule "explicitly" that the governmental defendant is not entitled to sovereign immunity as a matter of law. Like the *Pozos* court, we are constrained to find that *Hastings* and *Reeves* preclude appellate review.[6]

---

[6] FHP's appeal cannot be treated as a petition for writ of certiorari. While certiorari petitions have in the past been routinely used for pretrial review of orders denying immunity, this avenue has been closed by more recent Florida Supreme Court decisions. *See Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 355 (Fla. 2012) (holding that "the district courts do not have jurisdiction to entertain petitions for certiorari based on a public entity's claim that it is entitled to immunity based on the particular facts of the lawsuit brought against it"); *Rodriguez v. Miami-Dade County*, 117 So. 3d 400, 405 (Fla. 2013) ("[W]e reiterate that the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm. Thus, the use of certiorari review is improper in such an instance.").

Without ruling on the merits of this appeal, FHP makes a sound argument that the trial court erred in finding that issues of material fact precluded a ruling that it was immune from suit. But even if this possible error were an issue of law, *Hastings* and *Reeves* still would not permit appellate review. The *Reeves* court noted that Rule 9.130 "was not intended to grant a right of nonfinal review if the lower tribunal denies a motion for summary judgment based on the existence of a material fact dispute." *Reeves*, 889 So. 2d at 821 (quoting Fla. R. App. P. 9.130 (Committee Notes, 1996 Amendment)). An erroneous conclusion that issues of fact exist is not a "matter of law" in this context. *Contra Scott v. Harris*, 550 U.S. at 381 n.8 (finding that the correctness of the trial court's conclusion that material issues of fact existed was a "pure question of law" subject to interlocutory review).

## IV. Conflicts in the law

The Florida Supreme Court has given two recent indications suggesting that the *Hastings* and *Reeves* rules unduly restrict interlocutory appellate review of orders denying immunity. First is the 2014 amendment expanding the types of non-final orders denying immunity, including sovereign immunity, that may be appealed. Given the justification for allowing interlocutory review of orders denying immunity set forth in *Tucker* and *Keck*, a strong argument can be made that *Roe*, which held that orders denying sovereign immunity are unappealable because sovereign immunity is a defense to liability rather than an immunity from suit, is no longer good law.[7]

Second, in *Beach Community Bank*, the Florida Supreme Court's most recent discussion of the appealability of orders denying sovereign immunity, the Court permitted interlocutory appellate review of an order denying immunity without any

---

[7] *See also Rodriguez*, 117 So. 3d at 410 (Canady, J., concurring in result only) ("Once it is legally established that the statutory waiver of sovereign immunity is inapplicable, the sovereignly immune entity is both immune from liability and immune from suit," and to hold otherwise "fundamentally degrades the meaning of immunity from suit.").

discussion of whether the order under review "explicitly" stated that the governmental entity was not entitled to sovereign immunity as a matter of law. The Court noted only that this court had concluded that "the City's claim to sovereign immunity rested on a pure question of law." *Beach Community Bank,* 150 So. 3d at 1113.[8] This approach seems more similar to the United States Supreme Court's approach in *Scott* and *Plumhoff* than to the rule stated in *Hastings* and *Reeves*.[9] *Beach Community Bank* appears to signal a return to the principle of permitting appellate review of an order denying immunity when the appellate court can consider the issue without any additional factual determinations (i.e., a question of law). *See Mitchell*, 472 U.S. at 530 (holding that the "denial of a claim of qualified immunity, to the extent that it turns on an issue of law" is subject to interlocutory review); *Tucker*, 648 So. 2d at 1190 ("[A]n order denying summary judgment based upon a claim of qualified immunity is subject to interlocutory review to the extent that the order turns on an issue of law."); *Keck*, 104 So. 3d at 370 (Pariente, J., concurring) (requesting review for a rule expansion to permit interlocutory review of "the denial of any claim of immunity where the question presented is solely a question of law"). This appears to be the analysis undertaken by Judge Rothenberg in *Pozos* when she concluded that the record "clearly established" the legal question of sovereign immunity. *Pozos*, 42 Fla. L. Weekly at D420 (Rothenberg, J., dissenting).

---

[8] The Supreme Court was reviewing our decision in *City of Freeport v. Beach Community Bank*, 108 So. 3d 684 (Fla. 1st DCA 2013). In our opinion, we stated only that the trial court "denied the motion to dismiss." *Id.* at 687.

[9] It is true that *Beach Community Bank* involved a motion to dismiss, while *Hastings* and *Reeves*, as well as *Pozos* and this case, involved a motion for summary judgment. However, this court has specifically applied *Hastings* to hold that an order denying a motion to dismiss that does not determine that the party is not entitled to immunity is not appealable. *Martin Elecs., Inc. v. Glombowski*, 705 So. 2d 26 (Fla. 1st DCA 1997). As such, this difference is not relevant to our analysis.

CONCLUSION

It is unclear if the Florida Supreme Court has departed from narrowly interpreting "as a matter of law" to permit appellate review of orders denying sovereign immunity when the record demonstrates that the defendant is entitled to such immunity and was erroneously required to continue to defend itself. If the Court did not intend to signal a departure, appellate courts will continue to dismiss interlocutory appeals that will ultimately be reversed on appeal after trial, and parties will continue to defend themselves from suits they are "immune" from. Without clarification, this appeal must be dismissed for lack of jurisdiction. To address the perceived conflict between *Beach Community Bank* and prior case law, we certify the following as a question of great public importance:

> DOES RULE 9.130 PERMIT AN APPEAL OF A NON-FINAL ORDER DENYING IMMUNITY IF THE RECORD SHOWS THAT THE DEFENDANT IS ENTITLED TO IMMUNITY AS A MATTER OF LAW BUT THE TRIAL COURT DID NOT EXPLICITLY PRECLUDE IT AS A DEFENSE?

> DISMISSED.

LEWIS, J., concurs in result and concurs in certification; BILBREY, J., concurs in result with opinion.

––––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––––

BILBREY, J., concurring in result.

I concur in the result reached by Judge Winokur and the decision to certify a question.

13

"Generally, an appellate court may not review interlocutory orders unless the order falls within the ambit of non-final orders appealable to a district court as set forth in Florida Rule of Appellate Procedure 9.130." *Keck v. Eminisor*, 104 So. 3d 359, 363-64 (Fla. 2012). We have previously noted that "the categories of non-final orders subject to interlocutory appeal are narrowly construed." *Walker v. Florida Gas Transmission Co., LLC*, 134 So. 3d 571, 572 (Fla. 1st DCA 2014), *citing Travelers Ins. Co. v. Bruns*, 443 So. 2d 959, 961 (Fla. 1984). The only subsections potentially applicable here are rule 9.130(a)(3)(C)(x) & (xi), which provide an appellate court with jurisdiction to hear appeals of orders which determine as a matter of law that a party is not entitled to immunity under section 768.28(9), Florida Statutes, or that a party is not entitled to sovereign immunity.

As Judge Winokur notes, the trial court denied summary judgment finding disputed issues of facts remain, without determining whether the Florida Highway Patrol was entitled to immunity as a matter of law. As cases he cites correctly hold, the absence of a trial court ruling on immunity as a matter of law means we lack jurisdiction to consider the appeal. *See Miami-Dade Cnty. v. Pozos*, 42 Fla. L. Weekly D418, 2017 WL 621233 (Fla. 3d DCA Feb. 15, 2017); *Eagle Arts Acad., Inc. v. Tri-City Elec. Co, Inc.*, 211 So. 3d 1083 (Fla. 3d DCA 2017); *Taival v. Barrett*, 204 So. 3d 486 (Fla. 5th DCA 2016). Dismissal of the appeal is therefore the correct result. *See Douglas v. Bronson*, 178 So. 3d 552 (Fla. 1st DCA 2015). I also concur in the decision to certify a question.

_____

Pamela Jo Bondi, Attorney General, and Britt Thomas, Chief Assistant Attorney General, Tallahassee, for Appellant.

Jack J. Fine and Melissa Susan Sheldon of Fine, Farkash & Parlapiano, P.A., Gainesville, for Appellee.