# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-474
_____

FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION,

    Appellant,

    v.

SHIRLEY MCCLAIN,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
George S. Reynolds, III, Judge.

April 18, 2018

WINOKUR, J.

This case presents again the issue we recently addressed in *Florida Highway Patrol v. Jackson*, 43 Fla. L. Weekly D451 (Fla. 1st DCA Feb. 23, 2018). It appears from the record that the lower tribunal determined that Appellant, Florida Agency for Health Care Administration, is not entitled to sovereign immunity as a matter of law in this matter. AHCA appeals under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(xi), which authorizes review of non-final orders determining "that, as a matter of law, a party is not entitled to immunity." As we explain below, however, we are constrained to dismiss the appeal because the order merely denies a motion and does not explicitly, on its face, determine that AHCA is not entitled to immunity. While AHCA

may obtain an appealable order from the lower tribunal, if the lower tribunal determines that AHCA is not entitled to sovereign immunity as a matter of law, the tribunal should explicitly so rule on the face of its order. That is the only way to vest this Court with jurisdiction to afford AHCA the interlocutory review to which it is entitled under Rule 9.130(a)(3)(C)(xi). We again certify to the Florida Supreme Court the question of great public importance we certified in *Jackson*.

## BACKGROUND

In 1991, Appellee Shirley McClain was sentenced to two years in prison with credit for time served and was ordered to pay $200 in "trust fund monies," following a violation of probation stemming from a 1988 felony conviction. In 1992, McClain was hired as a cook by a health care provider after her release from prison. In 1999, AHCA conducted a background check pursuant to chapter 435, Florida Statutes, and found nothing affecting McClain's eligibility. In 2012, AHCA conducted another background check, this time finding that McClain's 1988 conviction disqualified her from working at a licensed heath care provider. AHCA notified McClain and informed her that she could file an application for an exemption pursuant to section 435.07(1)(a), Florida Statutes. Upon receipt of McClain's application, AHCA notified her that she had "outstanding unpaid court sanctions" from her 1991 sentence. McClain paid this balance, but was then told that she was ineligible for an exemption, as she had only just completed the sanction imposed.[1] McClain's employer subsequently terminated her employment.

McClain filed a three-count complaint against AHCA alleging, *inter alia*, that the agency was negligent in characterizing the "trust fund monies" as a "sanction," resulting in her ineligibility for an exemption. AHCA filed a motion to

---

[1] In 2012, agencies were permitted to grant exemptions for felonies if at least three years had elapsed since the applicant "ha[d] completed or been lawfully released from confinement, supervision, or sanction for the disqualifying felony." § 435.07(1)(a), Fla. Stat. (2012).

dismiss, arguing in part that it was entitled to sovereign immunity from the action because, even if the monies were not classified as a sanction, McClain would not be entitled to the discretionary grant of an exemption. The order on this motion struck McClain's claims for punitive damages and reserved ruling with regard to Count III of the complaint, but otherwise denied the motion to dismiss Counts I and II without discussion.[2] AHCA appeals pursuant to Rule 9.130(a)(3)(C)(xi), which permits appeals of non-final orders that determine "that, as a matter of law, a party is not entitled to sovereign immunity."

ANALYSIS

In pertinent part, the order appealed rules that "Defendants' Motion to Dismiss is denied with respect to Count I." This is not an appealable final judgment because it merely rules on a motion. *See, e.g., Dedge v. Crosby*, 914 So. 2d 1055, 1056 (Fla. 1st DCA 2005) (holding an order ruling on a motion, but not taking final action, is not an appealable final order). To be subject to interlocutory review, the order must satisfy the requirements of Rule 9.130. "Generally, an appellate court may not review interlocutory orders unless the order falls within the ambit of non-final orders appealable to a district court as set forth in Florida Rule of Appellate Procedure 9.130." *Keck v. Eminisor*, 104 So. 3d 359, 363-64 (Fla. 2012). For purposes of Rule 9.130(a)(3)(C)(xi), an order denies sovereign immunity "as a matter of law" only when the order "specifically states that, as a matter of law, such a defense is not available to a party." *Jackson*, 43 Fla. L. Weekly at D451 (quoting *Hastings v. Demming*, 694 So. 2d 718, 720 (Fla. 1997)). The denial of immunity must be made on the face of the order and must be explicit. *Id.* (quoting *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 821 (Fla. 2004)). *See also Miami-Dade Cty. v. Pozos*,

---

[2] McClain also included Elizabeth Dudek, then-secretary of AHCA, as a defendant, in both her individual and official capacities. The complaint alleged negligence against AHCA and denial of due process against both AHCA and Dudek individually. This appeal relates only to the sovereign immunity claim and not to any claims of individual immunity regarding Dudek.

42 Fla. L. Weekly D418 (Fla. 3d DCA Feb. 15, 2017); *Eagle Arts Acad., Inc. v. Tri-City Elec. Co, Inc.*, 211 So. 3d 1083 (Fla. 3d DCA 2017); *Taival v. Barrett*, 204 So. 3d 486 (Fla. 5th DCA 2016).

Applying these standards, the order under review is not appealable. The court wrote only that the "motion to dismiss is denied." The face of the order does not "explicitly" find that AHCA is not entitled to sovereign immunity. Accordingly, we do not have jurisdiction under Rule 9.130 to review this order.

AHCA argues that the trial court necessarily determined as a matter of law that it was not entitled to sovereign immunity, and that the order is therefore appealable. AHCA reaches this conclusion because, on a motion to dismiss, a trial court must treat the allegations of the complaint as true. Consequently, AHCA argues, the trial court could not have based its denial on the existence of a factual dispute, and necessarily denied the motion based on a conclusion that it was not entitled to sovereign immunity as a matter of law.

We rejected this same argument in *Martin Electronics, Inc. v. Glombowski*, 705 So. 2d 26 (Fla. 1st DCA 1997).[3] The appellant there argued that the *Hastings* rule applied only to orders denying summary judgment, and not to orders denying motions to dismiss, which were necessarily decided as a matter of law. We disagreed:

> [I]f an order simply denying a motion for summary judgment cannot be a determination that a party is not

---

[3] *Glombowski*, like *Hastings* and *Reeves*, involved an order denying workers' compensation immunity. Such orders are appealable if they determine "as a matter of law" that the defendant is not entitled to immunity. Fla. R. App. P. 9.130(a)(3)(C)(v). The "as a matter of law" language appears identically in all of the subdivisions in Rule 9.130(a)(3)(C) involving orders denying immunity. Fla. R. App. P. 9.130(a)(3)(C)(v), (vii), (x), & (xi). "As such, all of the subdivisions should be construed identically." *Fla. Highway Patrol v. Jackson*, 43 Fla. L. Weekly D451 (Fla. 1st DCA Feb. 23, 2018). *See also Pozos*, 42 Fla. L. Weekly at D419.

entitled to workers' compensation immunity, then certainly an order which denies a motion to dismiss does not constitute such a determination. Clearly, the orders on appeal in these cases do not contain the specific language which is required by [*Hastings*].

*Id.* at 30. AHCA notes that the trial court in *Glombowski* had explained that it was "making no definitive determination of the issue of workers' compensation immunity," *id.*, but this fact makes no difference to the analysis. Because the court here did not explicitly indicate on the face of the order that it was denying sovereign immunity as a matter of law, the order is not appealable.[4]

[4] AHCA argues that an order on a motion to dismiss necessarily cannot be based on a factual dispute because such a motion takes all facts alleged in the complaint to be true. *See Wallace v. Dean*, 3 So. 3d 1035, 1042–43 (Fla. 2009). This observation is true when the motion to dismiss argues that the complaint fails to state a cause of action. Fla. R. Civ. P. 1.140(b)(6). But when, as here, the motion to dismiss is based on an affirmative defense, the defendant's entitlement to the affirmative defense may require the establishment of facts that are not contained in the complaint. *See, e.g., Mancher v. Seminole Tribe of Fla., Inc.*, 708 So. 2d 327, 328-29 (Fla. 4th DCA 1998) (holding that defendant's sovereign-immunity argument is "not amenable to resolution by motion to dismiss because there are disputed factual questions"); s*ee also Wildflower, LLC v. St. Johns River Water Mgmt. Dist.*, 179 So. 3d 369, 373 (Fla. 5th DCA 2015) (reversing dismissal based on res judicata and lack of standing as these defenses required factual proof); *Chodorow v. Porto Vita, Ltd.*, 954 So. 2d 1240, 1242 (Fla. 3d DCA 2007) (rejecting dismissal based on limitations defense because the claim was "factually intensive"); *Wishnatzki v. Coffman Constr., Inc.*, 884 So. 2d 282, 285 (Fla. 2d DCA 2004) (holding that dismissal is inappropriate if circumstances suggest plaintiff could have pled matters to avoid statute of limitations defense); *Patterson v. McNeel*, 704 So. 2d 1070, 1072 (Fla. 2d DCA 1997) ("[A] motion to dismiss should not be granted on the basis of an affirmative defense . . . unless that defense is established on the

As we did in *Jackson*, we recognize that the Florida Supreme Court, in its most recent decision addressing the appealability of orders denying immunity, permitted interlocutory appellate review of an order denying immunity without any discussion of whether the order under review explicitly stated that the governmental entity was not entitled to sovereign immunity as a matter of law. *Beach Cmty. Bank v. City of Freeport,* 150 So. 3d 1111 (Fla. 2014). The supreme court agreed with us that "the City's claim to sovereign immunity rested on a pure question of law." *Id.* at 1113. *Beach Community Bank* is particularly noteworthy here because it also involved an order denying a motion to dismiss rather than an order denying summary judgment.

## CONCLUSION

Based on *Beach Community Bank,* "it is unclear if the Florida Supreme Court has departed from narrowly interpreting 'as a matter of law' to permit appellate review of orders denying sovereign immunity when the record demonstrates that the defendant is entitled to such immunity and was erroneously required to continue to defend itself." *Jackson*, 43 Fla. L. Weekly at D451. We dismiss the appeal and invite the lower tribunal to enter an amended order explicitly stating on its face that AHCA is not entitled to sovereign immunity, if that is the substance of the lower tribunal's determination. We certify the same question of great public importance to the Florida Supreme Court as we did in *Jackson*:

> DOES RULE 9.130 PERMIT AN APPEAL OF A NON-FINAL ORDER DENYING IMMUNITY IF THE RECORD SHOWS THAT THE DEFENDANT IS ENTITLED TO IMMUNITY AS A MATTER OF LAW BUT THE TRIAL COURT DID NOT EXPLICITLY PRECLUDE IT AS A DEFENSE?

DISMISSED.

---

face of the pleadings."). An order denying such a motion is not *necessarily* ruling that the defendant is not entitled to the defense; the denial may be based on the lack of factual support for the defense.

RAY and KELSEY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Tracy L. C. George, Leslei G. Street, and Cynthia L. Hain, of Florida Agency for Health Care Administration, Tallahassee, for Appellant.

Cristine M. Russell of Rogers Towers, P.A., Jacksonville, Sharon Bourassa and Debra Koprowski, Legal Aid Service of Broward County, Inc., Plantation, for Appellee.