# Third District Court of Appeal

## State of Florida

Opinion filed May 23, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1897
Lower Tribunal No. 16-27741
_____

**The City of Coral Gables,**
Appellant,

vs.

**Peter Blanco, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

Hernandez Lee Martinez, LLC, and Eric A. Hernandez and Arturo Martinez, for appellant.

Robert W. Rodriguez, P.A., and Robert W. Rodriguez; Law Office of Ramon J. Diego, P.A., and Alexandra Casals, for appellees.

Before SALTER, EMAS and LINDSEY, JJ.

EMAS, J.

On November 14, 2014, Peter Blanco was driving in the City of Coral Gables when his vehicle was struck by another vehicle fleeing from police. Blanco was seriously injured as a result of the accident, and he sued the City of Coral Gables ("the City") for the allegedly negligent acts of the City's police officer involved in the vehicle chase.[1]

The City filed a motion to dismiss the complaint, asserting that dismissal was required because, as a matter of law, the City was entitled to sovereign immunity. After a hearing, the trial court denied the City's motion to dismiss without prejudice,[2] finding that "sovereign immunity is not self-evident under the facts pled" in the complaint. This appeal followed.

Because the trial court did not determine that, as a matter of law, the City is not entitled to sovereign immunity, we do not have jurisdiction to review the nonfinal order and therefore dismiss this appeal for lack of jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(xi) (providing that appeals of nonfinal orders "are limited to those that . . . determine . . . that, as a matter of law, a party is not entitled to sovereign immunity"); Citizens Prop. Ins. Corp. v. Calonge, 3D16-854 (Fla. 3d DCA April 18, 2018) (dismissing consolidated appeals for lack of jurisdiction where trial court's orders denied, without elaboration, appellant's

---

[1] Blanco's wife, Yvette Blanco, is also a plaintiff, alleging a count against the City for loss of consortium.

[2] The court noted that the City could "raise sovereign immunity at a later time."

motions to dismiss grounded upon claim of sovereign immunity); Miami-Dade County v. Pozos, 42 Fla. L. Weekly D418 (Fla. 3d DCA February 15, 2017) (dismissing appeal for lack of jurisdiction where trial court's unelaborated order denying summary judgment did not determine that, as a matter of law, appellant was not entitled to sovereign immunity); Eagle Arts Acad., Inc. v. Tri-City Elec. Co., Inc., 211 So. 3d 1083 (Fla. 3d DCA 2017) (dismissing appeal for lack of jurisdiction where trial court's order summarily denied motion to dismiss but did not determine that, as a matter of law, appellant was not entitled to sovereign immunity). See also Florida Highway Patrol v. Jackson, 238 So. 3d 430, 436 (Fla. 1st DCA 2018) (criticizing Pozos but holding that, "[l]ike the Pozos court, we are constrained to find that Hastings [v. Demming, 694 So. 2d 718 (Fla. 1997)] and Reeves [v. Fleetwood Homes of Florida, Inc., 889 So. 2d 812 (Fla. 2004)] preclude appellate review").

Appeal dismissed.