# Third District Court of Appeal

**State of Florida**

Opinion filed August 8, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2161
CONSOLIDATED: 3D17-2158, 3D17-2159, 3D17-2160
Lower Tribunal Nos. 13-29027, 13-29025, 13-25609, & 13-25606

_____

**Jeffrey Key, et al.,**
Appellants,

vs.

**Caesar V. Almase, et al.,**
Appellees.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and E. Bruce Johnson and Scott D. Alexander (Ft. Lauderdale), for appellants.

Deutsch Blumberg & Caballero, P.A.; James C. Blecke, for appellees Caesar V. Almase and Rhodalyn Garcia, etc.; Clark, Fountain, La Vista, Prather, Keen & Littky-Rubin, LLP, and Julie H. Littky-Rubin (West Palm Beach); Brotman Nusbaum Ibrahim, and Marc C. Brotman and Joseph N. Nusbaum (Boca Raton), for appellees Mary Rachelle, etc. and Constantine Azarcon, etc.

Before ROTHENBERG, C.J., and SUAREZ and FERNANDEZ, JJ.

SUAREZ, J.

These four appeals, which we have consolidated, are from a non-final order

denying Appellants' motion to dismiss Appellees' Fourth Amended Complaint on

the grounds of individual immunity pursuant to section 768.28(9)(a), Florida Statutes (2017).  Because the order does not make any findings regarding the issue of immunity, we dismiss the appeals as taken from a non-final, non-appealable order.

The underlying tort action arises out of a head-on automobile collision that resulted in four fatalities.  The accident allegedly occurred because Sergio Perez, an Opa-locka police officer, was pursuing Willie Dumel, a crime suspect, in a high-speed chase down I-95.  During the pursuit, Dumel drove in the wrong direction, resulting in the fatal collision.  Appellees (Plaintiffs below) are representatives of the four deceased.

Appellants (Defendants below) are three City of Opa-locka employees: two police chiefs (Jeffrey Key and Cheryl Cason) and the City Manager (Kelvin Baker).  They moved to dismiss Appellees' Fourth Amended Complaint based on immunity under section 768.28(9)(a), Florida Statutes, which provides in pertinent part as follows:

> (9)(a)   No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed

2

in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Following a hearing on Appellants' motion to dismiss, the court entered an order denying the motion. The order fails to specifically state that Appellants, as a matter of law, were not entitled to immunity. This appeal follows.

Although an order denying a motion to dismiss is a non-final order and not typically reviewable on appeal, Florida Rule of Appellate Procedure 9.130(a)(3)(C)(x) allows appeals of non-final orders that determine "that, as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes . . . ." Here, however, the order on appeal makes no such finding.[1] Consequently, this Court does not have jurisdiction to review the order, and we are compelled to dismiss the appeal for lack of jurisdiction. See Hastings v. Demming, 694 So. 2d 718 (Fla. 1997) ("Nonfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party."); Reeves v. Fleetwood Homes of Florida, Inc., 889 So. 2d

---

[1] Appellants appear to encourage us to delve into the hearing transcript. Even if we were authorized to do so, which we are not, the trial court explicitly refrained from determining the immunity issue:

> I'm not saying right now that you are prohibited, you don't have sovereign immunity. I'm saying that at this time the four corners of the complaint allege a sufficient cause of action. That's all I'm saying. You may get it later. You may get it later in a summary judgment I don't know.

3

812, 821-22 (Fla. 2004) (reaffirming the "well-established rule" in <u>Hastings</u>); <u>Eagle Arts Acad., Inc. v. Tri-City Elec. Co., Inc.</u>, 211 So. 3d 1083 (Fla. 3d DCA 2017) (dismissing an appeal from a non-final order denying a motion to dismiss because the order did not make any explicit or implicit findings, as a matter of law, that appellant was not entitled to sovereign immunity); <u>Miami-Dade Cty. v. Pozos</u>, 242 So. 3d 1152 (Fla. 3d DCA 2017) (dismissing the appeal as one taken from a non-final, non-appealable order because the order "did not declare, make a finding, or otherwise determine that, as a matter of law, the County was not entitled to sovereign immunity or immunity under section 768.28(9)"); <u>Tindel v. Kessler</u>, 772 So. 2d 599, 599 (Fla. 5th DCA 2000) (dismissing because the order simply denied a motion for summary judgment and did not determine, as a matter of law, that certain immunity defenses were unavailable).

Recently, the First District determined that <u>Hastings</u> and <u>Reeves</u> precluded appellate review of an order denying summary judgment that did not explicitly determine, as a matter of law, that the Florida Highway Patrol was not entitled to sovereign immunity. <u>Florida Highway Patrol v. Jackson</u>, 238 So. 3d 430 (Fla. 1st DCA 2018). However, the court certified a question of great public importance to the Florida Supreme Court "regarding the specificity with which a court must deny an immunity motion 'as a matter of law' to permit interlocutory appellate review[.]" <u>Id.</u> We join our sister district in certifying this question to the Florida Supreme Court.

4

Dismissed.