711 So.2d 577 (1998)
Dorsey GOOSBY, Appellant,
v.
Karen LAWRENCE, Appellee.
No. 97-1249.
District Court of Appeal of Florida, Third District.
January 21, 1998.
Rehearing Denied July 8, 1998.
*578 Richard G. Dunberg, South Miami, for appellant.
No appearance for appellee.
Before GREEN and FLETCHER, JJ., and BARKDULL, Senior Judge.
BARKDULL, Senior Judge.
This is an appeal by the former husband from a final judgment of dissolution. The parties were married for eighteen years and have three minor children. The former wife filed a verified petition for dissolution of marriage and the former husband filed a counter-petition. A final hearing was conducted in November 1996, after which the court took the case under advisement without making any rulings or pronouncements. At a December 16, 1996 hearing, the court announced certain conclusions. After the former wife requested that the trial court provide findings for its conclusions, another hearing was conducted on March 12, 1997, at which the trial court partially revised its prior conclusions. On March 31, 1997, the court entered a final judgment with provisions that differed, in part, from both its December 16 and March 12 conclusions. This appeal follows.[1]

I. ORAL PRONOUNCEMENTS
First, the former husband contends that portions of the final judgment, including those that award permanent alimony, child support, medical and dental insurance, and the former wife's mortgage payments, are inconsistent with the court's oral pronouncements, and therefore, the final judgment must be reversed. After a careful examination of the record, we conclude that conflict indeed exists.
It is well-settled law that the trial court's oral pronouncement must conform to the written judgment. See Ulano v. Anderson, 626 So.2d 1112 (Fla. 3d DCA 1993). In this case, the final judgment is not in conformity with the oral pronouncements regarding alimony and child support.
Alimony. At the December 16 hearing, the court made an oral pronouncement that the former wife would receive permanent periodic alimony of $1200 per month, and lump sum alimony of $360,000, payable at $3000 per month commencing January 1999, to allow the former husband sufficient time to retire certain debts. At the subsequent March 12 hearing, the court was unable to recall how it arrived at the $360,000 figure for lump sum alimony. After hearing argument of the parties, the court resolved to come up with the manner in which the figure was derived, and make findings accordingly. To the contrary, the final judgment contains no award of lump sum alimony, and awards the former wife permanent alimony of $1200 per month, to increase to $4000 per month *579 commencing January 1999. The trial court's admitted inability to recall the basis for the lump sum figure leads this Court to the conclusion that to simply reinstate the lump sum figure would be error. Thus, we remand the alimony provision and instruct the trial court to either conform the alimony award to the December 16 pronouncements, or to state its reasons for deviating from those pronouncements.
Child Support. At the December 16 hearing, the court made an oral pronouncement that the former wife would receive $2227 per month in child support for the parties three children. At the March 12 hearing, the court admitted error in calculating the support, and reset that amount at $1804. Later in the same hearing, the court stated that the child support obligation would require adjustment to account for the former husband's contributions to the childrens' insurance. Despite the trial court's earlier pronouncements, the final judgment awards the former wife child support of $1952 per month. We find that the trial court erred in not conforming this award to the oral pronouncements, and therefore we reverse the award. Due to the trial court's admitted error in its December 16 calculation of the child support obligation, we reinstate its March 12 calculation, and set the obligation at $1804.
Insurance. At the December 16 hearing, the court did not make any pronouncement regarding insurance for the children. At the March 12 hearing, the court admitted error in failing to previously address insurance, and pronounced that the former husband would pay for insurance for the children, and that he would receive credit for such in determining the child support guidelines. The amount the former husband would pay for such insurance was unavailable at the hearing, and it was agreed that the former husband would later provide that information to the court. The final judgment states that the former husband would be responsible for the health, hospitalization and dental insurance for the children. We affirm the provision of the final judgment providing the former husband be responsible for the childrens' insurance. The former husband may file for a modification of support if he desires to have his child support obligation offset by the amount he contributes to the children's insurance.

II. MORTGAGE PAYMENTS
The former husband also contends that there was no evidence presented concerning the purchase of a new home by the former wife, and therefore the provision of the final judgment which requires him to be responsible for the former wife's mortgage must be reversed. The marital home was sold at some point between the December 16 and March 12 hearings. In the final judgment sub judice, the trial court provided that the former husband was ordered to pay the former wife's current mortgage until the parties' youngest child reaches majority, due to of the age of the children and the psychological trauma experienced by the former wife during the marriage. We find these factors would be sufficient to justify such an award, provided that the amount of the mortgage payment was discernable. Without having taken evidence as to the former wife's current mortgage, the trial court could not set the amount of an obligation to pay such mortgage. Because of the lack of evidence relating to the amount of the mortgage payment, we conclude that the award of mortgage payments is not supported by competent substantial evidence, and therefore reverse and remand for an evidentiary hearing to determine the amount of the mortgage payments to be made by the former husband.

III. EQUITABLE DISTRIBUTION
The former husband contends that the trial court failed to make any findings of fact to support the unequal distribution of the parties' marital assets and liabilities, and therefore reversal is required. We disagree.
Section 61.075(1), Florida Statutes, governs equitable distribution and lists factors which justify unequal distribution. These factors include:
(a) The contribution to the marriage by each spouse, including contributions to the *580 care and education of the children and services as homemaker.
(b) The economic circumstances of the parties.
(c) The duration of the marriage.
(d) Any interruption of personal careers or educational opportunities of either party.
* * * * * *
(f) The desirability of retaining any asset, including an interest in a business, corporation, or professional practice, intact and free from any claim or interference by the other party.
* * * * * *
(j) Any other factors necessary to do equity and justice between the parties.
§ 61.075(1), Fla. Stat. (1996).
In the final judgment, the court found that the former wife suffers from emotional problems stemming mainly from the marital difficulties and the former husband's infidelities; the former wife did not work outside of the home for most of the eighteen-year marriage and instead contributed as a homemaker, child care provider and devoted mother; and the former husband had a flourishing pediatric practice, which he was awarded. "[A] trial court need not equalize the financial position of the parties," in a marriage dissolution action. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We conclude that the foregoing findings justify the unequal distribution of the marital assets and liabilities. See Manna v. Manna, 697 So.2d 1280 (Fla. 3d DCA 1997) (no abuse of discretion by trial court for distribution of parties' marital assets and liabilities where unequal distribution was supported by competent substantial evidence).

IV. DELAY
The former husband's final contention is that the trial court's delay of approximately four months from the final hearing to the entry of the final judgment was unreasonable and requires reversal. We disagree.
The final hearing was conducted on November 4, 5, and 7, 1996, and the final judgment was not entered until March 31, 1997. However, subsequent hearings were conducted on December 16, 1996 and March 12, 1997.[2] Furthermore, the transcript of the case at bar reflects a statement by the trial court that the court usually prefers to decide this type of case within ten days, but that this case was particularly complicated. This court is unwilling to interfere with a judge's ability to conduct additional research, review testimony and evidence, and reflect on potential outcomes, by imposing a limitation on the time within which a judgment must be entered. Thus, we find this point without merit.
Affirmed in part; reversed in part; and remanded with instructions to the trial court to: enter a new final judgment which includes either an alimony award in conformance with the December 16 pronouncements or the trial court's reasons for deviating from those pronouncements; reinstate the child support award of $1804; and conduct an evidentiary hearing in which the precise dollar amount of the mortgage payments awarded to the former wife should be determined.
Affirmed in part; reversed in part; with directions.
NOTES
[1] The former wife failed to file an answer brief and was precluded from taking part in oral argument. The former husband concedes his ability to pay.
[2] In support of his assertion, the former husband cites Tunnage v. Bostic, 641 So.2d 499 (Fla. 4th DCA 1994), and Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992), which are easily distinguishable. Tunnage held that a seven month delay in entering a final judgment was unreasonable. Tunnage can be distinguished on the grounds that it involved a delay twice as long as that in the case at bar, and it involved a confusing final judgment that failed to reflect evidence that clearly proved the existence of fraud. See Tunnage, 641 So.2d at 499. In Polizzi the former husband argued that because the trial and the judgment were separated by a long time period, because the oral pronouncements at trial differed with the holdings in the judgment, and because the judgment was signed just before the retirement of the trial judge, the judge did not properly act. The Polizzi court found that the judgment could not be supported and ordered a new trial. See Polizzi, 600 So.2d at 490. Polizzi can be distinguished on the grounds that the record reflected that the trial judge may have deferred to counsel in deciding the case because of the judge's heavy caseload and his impending, immediate retirement.