PER CURIAM.
Edith C. Naidu, the mother, appeals an order which extends the father Leslie H. Naidu’s temporary custody of the minor children pending resolution of the father’s petition for modification of child custody. We affirm the trial court’s order because it basically maintained the status quo of an arrangement made by the parties themselves.
The parties divorced on October 29, 1998. The mother received primary custody of their two children: Diane, born on November 18, 1985; and David, born on August 20, 1991. In early 2001, the mother approached the father about the children living with him. The parties subsequently agreed to the children living in Arizona with the father for one year, from July 2001 through July 2002.
On July 19, 2002, the father filed an emergency motion to extend temporary custody until his motion to modify permanent custody could be decided. The trial court conducted a hearing on the father’s emergency motion on July 28, 2002. The father testified as to the circumstances of the agreement. The trial court then directed that Family Court Services interview the parents and children that evening.
On July 24, 2002, the trial court interviewed Diane in chambers. Diane described her relationship with her mother as terrible; they fought all the time and the mother had slapped her on one occasion and screamed at her constantly. Diane stated that the mother had a better relationship with David, but she was worried about her brother living with the mother.
Ms. Milledge from Family Court Services testified that she had interviewed the parents and children for one hour each the previous evening. She felt it would be in David’s best interests to remain in Arizona. He was doing well in school and had a complete family life with his sister, father, the father’s girlfriend and her children. The children’s Miami psychologist did not feel the children should be separated because they are emotionally very close. There was no danger to David in returning to live with his mother, but he would not *707 have the same quality of life because the mother’s counterproductive behavior which led to the temporary custody agreement would likely reoccur. The mother testified that she had agreed that Diane could stay in Arizona with the father.
In its order of July 26, 2002, the court determined that, because it was agreed that Diane would remain in Arizona, it was warranted to leave both children with the father so that they would not be separated. The court further ordered that the father’s petition for modification be set on an expedited basis. However, no hearing has been set to date and the mother has done nothing to expedite a permanent resolution.
We conclude that the trial court did not abuse its discretion by temporarily maintaining the status quo because courts generally try to cause the least amount of disruption in the child’s life. There was ample evidence that it was in David’s best interests to not be separated from his sister. See Manuel v. Manuel, 489 So.2d 183 (Fla. 1st DCA 1986) (order for temporary modification will be affirmed where the record shows the order is entered on the basis of the child’s best interests at the time of the hearing). See also Miller v. Miller, 371 So.2d 565, 566 (Fla. 4th DCA 1979) (the law does not favor separating siblings from each other); Griffith v. Griffith, 627 So.2d 527, 528 (Fla. 2d DCA 1993) (“In a temporary custody order, the trial court determines the best place for the children until the court makes the final decision regarding custody.”).
Affirmed.