DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VANESSA LEWIS,**
Appellant,

v.

**JASON JULIANO,**
Appellee.

No. 4D17-2544

[ April 18, 2018 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 2014DR000683.

Vanessa A. Lewis, Melbourne, pro se.

No appearance for appellee.

TAYLOR, J.

The former wife appeals a post-dissolution order requiring her to "provide her physical address in order to have any timesharing with the minor child." We reverse, concluding that the trial court abused its discretion by modifying the timesharing schedule as a sanction for the former wife's failure to provide her physical address.

The parties were divorced in 2014 by way of a final judgment of dissolution of marriage. They have one minor child.

In March 2016, the trial court entered an order modifying the final judgment. In light of the former wife's relocation to another state, the trial court adopted an out-of-state Parenting Plan and gave the former husband majority timesharing in Florida. The Parenting Plan required each parent "to provide a residential, mailing, or contact address" to the other parent, and to "notify the other parent in writing within 24 hours of any changes."

The former husband later filed a motion to hold the former wife in contempt for her "failure to allow the child appropriate communication with the Former Husband as well as her failure to provide an address."

In July 2016, the trial court granted the former husband's motion for contempt "insofar as the Former Wife shall provide her current address to the Clerk of Court."

In May 2017, the former husband filed a motion for status of summer timesharing, alleging that the former wife had failed to provide her current address to the Clerk of Court and that the former husband had no idea where the child would be staying during the summer. The former husband thus argued that "[t]he child should not travel or go with the Former Wife without an address being disclosed where the child would be staying" and that "the Former Wife should be required to disclose her address to the Former Husband and the Clerk of Court."

Following a hearing,[1] the trial court entered an order granting the former husband's motion for status of summer timesharing. The order states, in relevant part, that the former wife "shall provide her physical address in order to have any timesharing with the minor child." This appeal ensued.

On appeal, the former wife argues that the trial court abused its discretion in denying her any timesharing with the minor child unless she divulges her current address to the former husband. The former wife admits that she did not give the former husband her current address as required by the July 2016 order. However, the former wife asserts that the trial court gave no consideration to the best interests of the minor child or to Florida's public policy that each minor child should have frequent and continuing contact with both parents.

A trial court's ruling on a timesharing issue is reviewed for an abuse of discretion. *Witt-Bahls v. Bahls*, 193 So. 3d 35, 38 (Fla. 4th DCA 2016). Discretion is abused "when the judicial action is arbitrary, fanciful, or unreasonable," meaning that no reasonable person "would take the view adopted by the trial court." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting *Delno v. Mkt. St. Ry. Co.*, 124 F.2d 965, 967 (9th Cir. 1942)).

"It is the public policy of this state that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrearing." § 61.13(2)(c)1., Fla. Stat. (2017).

---

[1] Although we do not have a transcript of the hearing, the language in the order suggests that the hearing was non-evidentiary.

Consistent with this public policy, a trial court must determine all matters relating to parenting and timesharing of each minor child of the parties in accordance with the best interests of the child. § 61.13(2)(c), Fla. Stat. (2017). Furthermore, "modification of a parenting plan and time-sharing schedule requires a showing of a substantial, material, and unanticipated change of circumstances." *Id.*

"A court cannot modify timesharing as a sanction for a parent's contempt of a custody order." *Duncan v. Brickman*, 233 So. 3d 477, 480 (Fla. 2d DCA 2017). "The sanction of changing custody does not coerce compliance; rather, it may, in the absence of a finding that such a change is in the best interest of the children, penalize the children for the parent's contumacious conduct." *LaLoggia-VonHegel v. VonHegel*, 732 So. 2d 1131, 1133 (Fla. 2d DCA 1999).

Modification of timesharing in the context of a contempt proceeding is permissible only if: (1) the moving party has affirmatively alleged and proven a substantial change in circumstances; (2) the minor child's best interests require the modification; and (3) sufficient notice of the proposed modification was afforded to the nonmoving party. *Duncan*, 233 So. 3d at 480 n.4.

Here, the trial court abused its discretion by modifying the timesharing schedule as a sanction for the former wife's failure to provide her physical address. The trial court's order had the effect of temporarily modifying the timesharing schedule until the former wife provided her address. Although the former husband's motion provided sufficient notice of the proposed suspension of the former wife's timesharing until she provided her address, the other two requirements for a modification were not met. The trial court did not find that a substantial change in circumstances occurred. Nor did the trial court find that the child's best interests required the modification. The trial court's order was therefore improper.

We note that the record suggests that the former wife might be refusing to disclose her address for an improper purpose—namely, to avoid service of process. Nevertheless, while the order on appeal was intended to obtain the former wife's compliance with the Parenting Plan and a prior court order requiring her to "provide her current address to the Clerk of Court," the trial court should not have modified the timesharing schedule in the absence of findings that a substantial change in circumstances had occurred and that the modification was in the child's best interests.

Based on the foregoing, we reverse the order on appeal. On remand, if the trial court finds the former wife in contempt of the prior order requiring

her to "provide her current address to the Clerk of Court," the trial court may impose sanctions other than a modification of timesharing.

*Reversed and Remanded.*

GROSS and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***