DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANA CAPPOLA,**
Appellant,

v.

**PAUL CAPPOLA,**
Appellee.

No. 4D18-2812

[August 28, 2019]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tarlika Navarro, Judge; L.T. Case No. FMCE 07-15072 (38) (90).

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, for appellant.

Paul Cappola, Oldsmar, pro se.

PER CURIAM.

Dana Cappola ("former wife") and her former husband entered into a private agreement whereby their minor child, A.C., was to return to live with the former husband in Pasco County. Subsequently, she filed a "Motion For Status Quo Order Pending The Determination Of The Modification Proceedings" ("motion for status quo") to have the child continue residing with her in Broward County until final modification proceedings concluded. Her motion was denied and she now appeals. We find that the trial court abused its discretion in ruling that it was bound by the parties' private agreement without considering the child's best interest.

The trial court conducted an evidentiary hearing on the former wife's motion to maintain the status quo. At the conclusion of the hearing, the trial court orally pronounced that it would deny the former wife's motion:

> *I am going to uphold the agreement* . . . of Judge Horowitz . . .
> and the agreement of the parties, which states that all the
> minor children are to reside with the father. I am going rule
> [sic] that [A.C.] be returned to father within forty-eight

hours, according -- pursuant to Judge Horowitz's order, and *pursuant to the agreement* which specifically states that this does not constitute a permanent nor a significant change of circumstances or a basis for a modification of the existing and prevailing modification order and timesharing order.

*It makes it very clear that both the mother and the father made an agreement* that this child was to only reside with the mother for a temporary time period and was going to terminate on June 30th, 2018. And whether it was for some ulterior motive that this court is unaware of, *it was agreed to by both parties.*

And I find it [sic] that Judge Horowitz's order is to stand and that the *agreement made between the parties is to stand*, and that the appropriate means to get this child back to Broward County would be a modification, that this is not the appropriate way to get a modification.

(Emphases added).  The trial judge noted that it was the court's "job to uphold contracts and uphold the law."  When the former wife indicated that she had a pending motion to set aside the agreement, the court responded that the motion was moot.

Following protests by the former wife, the court stated, "[u]nfortunately, I have to uphold the law.  This is a contract that you signed, ma'am."  The former wife responded, "I understand, but in the beginning of the hearing you said you were going to go with what's in the best interest of [A.C.]."  The court replied, "[y]ou had the – you agreed and signed this with Mr. Cappola.  You agreed to this."  The court also stated that it "[*had*] *to go by* what Judge Horowitz ordered and what [the former wife] signed with [the former husband]."  (Emphasis added).

After the hearing the court entered an order denying the former wife's motion. In its written order, the court noted that "it reviewed [the] agreement, along with the testimony and credibility of both the Mother and the Father as it pertains to the agreement and found that said agreement was in the best interest of the minor child, A.C."  The order further stated that the court "considered the relevant factors in [section 61.13(3), Florida Statutes (2018)] and the evidence and testimony applying a 'best interest' standard as to the minor child, A.C."

2

"A trial court's ruling on a timesharing issue of a child is reviewed for an abuse of discretion." *Lewis v. Juliano*, 242 So. 3d 1146, 1148 (Fla. 4th DCA 2018).

On appeal, the former wife argues the trial court's oral pronouncement, which controls over the written order, reveals that the trial court ruled based on its finding that it was bound by the parties' private agreement, and not based on the best interests of A.C.

In response, the former husband maintains that the "best interests of the child" was not the proper standard and that the trial court could only change the timesharing agreement—without modification proceedings—if an emergency was present.

Here, the record reflects that in making its oral pronouncement, the court repeatedly stated it was bound by the parties' private agreement regarding placement of A.C. Notably absent from the court's oral pronouncement, however, is any finding that enforcing the parties' private agreement was in the best interests of A.C., although this language is included in the written order.

This court has held that "[a] trial court's oral pronouncement must control over a later written order," and that the subsequent order must accurately reflect the record. *See Glick v. Glick*, 874 So. 2d 1238, 1241 (Fla. 4th DCA 2004); *see also Cajuste v. Herlitschek*, 204 So. 3d 80, 83 (Fla. 4th DCA 2016) (determining that when a conflict exists between the court's oral pronouncement and its written order, the oral pronouncement controls).

Accordingly, the trial court's oral pronouncement, determining that it was bound by the parties' agreement, controls over its written order, which stated that the agreement was in the best interests of A.C.

A trial court "is not bound by an agreement of parents regarding child support, custody, or visitation." *See Puglisi v. Puglisi*, 135 So. 3d 1146, 1148 (Fla. 5th DCA 2014) (citations omitted). Rather, the "best interests" of the child supersede "any agreement between the parents and must be independently determined by the trial court." *Id.; see also Dorsett v. Dorsett*, 902 So. 2d 947, 951 (Fla. 4th DCA 2005) (explaining that it is "incumbent upon the trial court to ensure that any purported agreement or arrangement between a child's parents does not shortchange the child's interests," and such a "heavy responsibility mandates that a court is not bound by any agreement between parents") (citations omitted)).

Moreover, a trial court may extend temporary custody pending resolution of a petition for modification without an emergency being present. *See Naidu v. Naidu,* 854 So. 2d 705, 707 (Fla. 3d DCA 2003) (affirming trial court's order temporarily maintaining the status quo because courts "generally try to cause the least amount of disruption in a child's life").

Here, there was evidence suggesting that A.C. was doing well in school in Broward County. The Guardian ad Litem recommended that A.C. stay in Broward County, and the trial court acknowledged that A.C. appeared to be "prospering" in Broward County while recognizing the need to avoid "uprooting" her. Nevertheless, the trial court orally determined that it was simply bound by the parties' private agreement and ordered that A.C. return to Pasco County within 48 hours, instead of making an independent determination of what was in the best interests of A.C.

In sum, we conclude that the trial court abused its discretion in determining that it was bound by the parties' private agreement, without considering the best interests of the child. Further, the trial court's language in its written order stating that it did consider A.C.'s best interests does not negate the court's oral pronouncement expressly stating its decision was controlled by the agreement. We reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

MAY, FORST and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4