DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF HALLANDALE BEACH,**
Appellant,

v.

**CAROLANN SHARKEY,** individually and as Personal Representative of
the Estate of Florence Wagner,
Appellee.

No. 4D19-730

[October 16, 2019]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE 17-023301 (08).

Jennifer Merino, City Attorney, and Andre McKenney, Deputy City Attorney, Hallandale Beach, for appellant.

Joshua I. Gornitsky of The Andersen Firm, PC, Fort Lauderdale, for appellee.

PER CURIAM.

Appellant, City of Hallandale Beach (City), appeals an order denying its motion to dismiss appellee's complaint. The case arises from the City's handling of the corpse of appellee's relative. City argued that the negligence claim was barred by sovereign immunity. We reverse and remand the trial court's order of clarification because it contradicts oral pronouncements and did not actually determine the immunity issue "as a matter of law." Fla. R. App. P. 9.130(a)(3)(C)(xi).[1]

---

[1] We recognize that the Florida Supreme Court is currently considering the following question as one of great public importance:

> DOES RULE 9.130 PERMIT AN APPEAL OF A NON-FINAL ORDER DENYING IMMUNITY IF THE RECORD SHOWS THAT THE DEFENDANT IS ENTITLED TO IMMUNITY AS A MATTER OF LAW BUT THE TRIAL COURT DID NOT EXPLICITLY PRECLUDE IT AS A DEFENSE?

During the hearing the trial court commented that the facts relative to the City's "duty" needed to be explored. The trial court signed an order that day denying the City's motion to dismiss and referring to the record for its ruling, noting the court reporter's presence.

Subsequently, the City filed a motion to clarify and requested a written order to reflect that the trial court resolved the sovereign immunity issue "as a matter of law." The City did not ask the trial court to revisit its ruling or reasoning.

Thereafter, the trial court entered a second order, again referencing its reasoning as stated on the record, adding that its ruling was "as a matter of law." This order, attempting to clarify, is internally inconsistent given the trial court's oral comments on the record that disputed factual issues exist surrounding the City's duty. *See Cajuste v. Herlitschek*, 204 So. 3d 80, 83 (Fla. 4th DCA 2016) (determining that when a conflict exists between the court's oral pronouncement and its written order, the oral pronouncement controls); *Glick v. Glick,* 874 So. 2d 1238, 1241 (Fla. 4th DCA 2004) ("A trial court's oral pronouncement must control over a later written order."). Consequently, we reverse the trial court's second order and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS, DAMOORGIAN and GERBER, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

---

*Fla. Highway Patrol, a division of Fla. Dep't of Highway Safety & Motor Vehicles v. Jackson*, 238 So. 3d 430, 438 (Fla. 1st DCA), *review granted sub nom. Fla. Highway Patrol v. Jackson*, No. SC18-468, 2018 WL 6818899 (Fla. Dec. 27, 2018).