DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORAMO PARTNERS, LTD.,**
Appellant,

v.

**4326 OCEAN DR., LLC,**
Appellee.

No. 4D19-3059

[December 16, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE 15-22216.

Thomas L. Abrams of Gamberg & Abrams, Fort Lauderdale, for appellant.

Joseph E. Altschul of Joseph E. Altschul, LLC, Pembroke Pines, for appellee.

FORST, J.

Appellant Joramo Partners, Ltd. ("Lender") appeals the trial court's final judgment and "all other orders inhering in the judgment" in favor of Appellee 4326 Ocean Dr., LLC ("Borrower"). Lender raises several issues on appeal, and we affirm as to all but one issue. Specifically, we find that while the trial court sufficiently pronounced a ruling as to the lender's damages claim at trial, the court's oral pronouncement was not in accord with its written final judgment, requiring remand.

**Background**

Lender filed a third amended complaint, alleging two counts—a claim for an equitable lien ("Count 1") and a claim for damages ("Count 2"), both arising out of Borrower's alleged breach of an oral loan agreement. Borrower thereafter filed its "Answer and Affirmative Defenses to Third Amended Complaint," in which it asserted eight affirmative defenses: (1) breach of fiduciary duty; (2) fraud; (3) a Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim; (4) unclean hands; (5) set-off; (6) statute

of frauds; (7) breach of contract; and (8) an invalid *lis pendens*. After stipulating to the existence of an oral loan agreement and that Borrower owed a substantial amount, the parties proceeded to a bench trial.

At trial, the court considered extensive testimony concerning the loan and Borrower's affirmative defenses. Ultimately, the trial court found in Borrower's favor, noting that the instant case was "more of a 57.105 dismissal for fraud on the Court than . . . a judgment for [Borrower]."[1]

Following the trial court's ruling, counsel for Lender informed the trial court that the third amended complaint contained two counts. The trial court then responded: "You know, I'm just – I'm tired of people coming to court and asking the Court to award them money when, in fact, the whole thing is just a stinky mess, and that's for the record, a stinky mess. That's my finding." The trial court further noted that "there's just a total failure of proof on the part of [Lender] and possible violations of law," finding that Lender failed to prove "any entitlement to . . . funds."

The trial court entered a written final judgment, finding in Borrower's favor as to Borrower's fraud, statute of frauds, and unclean hands affirmative defenses.[2] The written final judgment contained detailed findings of fact, ultimately finding that, based on "the defective content and improper execution of the mortgage, promissory note and June 12, 2006 letter, and the affirmative defenses of fraud and unclean hands, . . . the greater weight of the evidence defeats [Lender's] claim to foreclose."

The final judgment, however, contains no reference to Lender's damages claim. In fact, the final judgment's first paragraph states that Lender "only seeks to foreclose on a mortgage" and that "no other cause of action is alleged." Lender therefore filed a motion for rehearing, notifying

---

[1] After stating that the instant case was more of a 57.105 dismissal for fraud on the court than a judgment in Borrower's favor, the trial court stated: "under both those theories I'm going to find for [Borrower] on that basis." While it is not immediately apparent as to what "both those theories" references, the trial court mentioned "fraud" immediately prior to its oral pronouncement, and to "unclean hands" in the moments leading up to the pronouncement.

[2] The trial court did not find in Borrower's favor with respect to Borrower's FDUTPA defense (stating in the final judgment order that "given the strict construction of the [FDUTPA] statute, the Court finds that Plaintiff avoids this defense."). As to the remaining affirmative defenses, the trial court's written final judgment did not address Borrower's set-off, breach of contract, and invalid *lis pendens* affirmative defenses. And, although the trial court addressed the breach of fiduciary duty defense several times, there was no finding explicitly based on such.

2

the trial court that the third amended complaint alleged two counts and calling attention to the final judgment's statement that Borrower "only seeks to foreclose on a mortgage." The trial court denied the motion, and Lender timely appealed.

## Analysis

The denial of a motion for rehearing is reviewed under an abuse of discretion standard. *Arguelles v. Citizens Prop. Ins. Corp.*, 278 So. 3d 108, 111 (Fla. 3d DCA 2019) (citing *Villas at Laguna Bay Condo. Ass'n, Inc. v. CitiMortgage, Inc.*, 190 So. 3d 200, 202 (Fla. 5th DCA 2016)).

It is well-settled that a trial court's oral pronouncement must be in conformance with its written judgment. *Goosby v. Lawrence*, 711 So. 2d 577, 578 (Fla. 3d DCA 1998). "The failure of the written judgment to conform to the oral rulings requires reversal and remand so that an amended judgment can be entered." *Williams v. River Bend of Cocoa Beach, Inc.*, 281 So. 3d 546, 549 (Fla. 5th DCA 2019).

In the instant case, after counsel for Lender notified the trial court that the third amended complaint contained two counts, the court stated that it was "tired of people coming to court and asking the Court to award them money," that "you can't recover money on a corrupt scheme," and that "there's been a failure of proof . . . as to any entitlement to . . . funds." Thus, the trial court made clear its intent to deny Lender's claim as to Count 2. However, the final judgment specifically states that Lender "only seeks to foreclose on a mortgage" and that "no other cause of action is alleged," without any reference to the damages claim. Therefore, the final judgment is not in conformance with the trial court's oral pronouncement, and the trial court abused its discretion in denying the motion for rehearing on this basis.

## Conclusion

Because the trial court's written final judgment does not conform to its oral pronouncement, we reverse and remand for the trial court to enter an amended judgment. *See Williams*, 281 So. 3d at 549. We otherwise affirm in all aspects.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and KUNTZ, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*