DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TAWANDA PRICE-LAWRENCE,

Appellant,

v.

PHILLIP LAWRENCE, JR.,

Appellee.

No. 2D22-2605

_____

March 27, 2024

Appeal from the Circuit Court for Hillsborough County; G. Gregory
Green, Judge.

Neibra Collins Williams of Law Office of Neibra Collins Williams,
Tallahassee, for Appellant.

Martha E. Aristizabal and Elizabeth D. Burchell of Busciglio Sheridan
Schoeb, PA, Tampa, for Appellee.

LaROSE, Judge.

Tawanda Price-Lawrence (Former Wife) appeals the final judgment
of dissolution of her marriage to Phillip Lawrence, Jr. (Former
Husband).[1] Former Wife argues that the trial court abused its discretion
(1) in finding that all the assets and liabilities were nonmarital, and (2)
by unequally distributing the parties' marital assets and liabilities. We
affirm the final judgment as to issue two without discussion. We reverse

_____

[1] We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A).

the final judgment as to issue one to the extent that the final judgment is inconsistent with the trial court's oral pronouncement. We remand for the trial court to enter an amended final judgment conforming to its oral pronouncement.

The parties had been married for twelve years when Former Husband filed for dissolution. During their marriage, the parties lived separate lives. Former Wife lived in Tallahassee and Former Husband lived in Tampa. The trial court determined that due to their independent lifestyles, this was a case of "what's his is his, what's hers is hers."

At trial, the trial court announced that Former Wife's Honda Accord was the parties' "only nonmarital vehicle" and that Former Wife's Tallahassee home was nonmarital. The trial court examined the factors in section 61.075(1)(a)-(j), Florida Statutes (2022), and found that Former Husband was entitled to unequal distribution of assets and liabilities. The trial court found that factor (j) justified unequal distribution:

> I will say this is the most important factor that this Court is determining . . . . And I have to say that I think it would be completely inequitable for me to do anything other than say what the husband has is his and what the wife is hers.
>
> I think that would literally create an unjust enrichment situation to the other party. Again--and I'll just touch on the major assets. The testimony, if I take all of Wife's testimony about this [Tampa] home on Key Thatch, is that she really didn't even know what was going on with it till six years after it was purchased.
>
> She had an opportunity to buy into it and said, I don't want any part of it. And the husband maintained it the entire time of marriage. For her to claim an equitable distribution percentage to that, to me, would be unjust enrichment. And it goes the other way.
>
> *As I've heard the testimony now, it appears that the Nancy Drive property [in Tallahassee] is likely, and that's what the Court will find, is nonmarital property of the wife.* It was

2

deeded to her in 2002, well before the marriage. The husband never contributed anything to that piece of property.

All of the vehicles--even if I was to equitably distribute them and I'm not going to because, again, I think that the equitable thing to do is allow each party to keep whatever's theirs. But if I equitably distributed them, there's maybe a difference of $1,000 between the two of them.

But what again is very clear to this Court is the husband bought and paid for his vehicles, the wife may have had a conversation [sic] Husband about her vehicle where he may have said I'm going to pay for it, but he never did.

And the Court makes the same finding as it relates to the other assets here, which are Wife's FRS. I don't believe that it is equitable in [sic] way, shape, or form, and I'm still under J, to allow the husband to be unjustly enriched by the wife's work, which was very separate. And the same thing for the wife to be unjustly enriched by what the husband has amassed in his 401(k).

So as I go through this, I think the husband has met his burden. You've got a high burden. But I haven't heard anything that would put me in a place where I don't think that it would be unjust to do anything other than say the husband keeps the assets that are his and the wife keeps the assets that are hers. All right.

. . . .

They literally did everything as if they were single people. They filed taxes as if they were single. They claimed head of household as if they were single.

. . . .

. . . I think the husband has overcome that presumption because I have 12 years of people that are literally living their own lives. No joint checking accounts, no joint anything. They're buying houses and the other person doesn't know. I mean, they are literally living separate lives other than a piece of paper that says they're married.

(Emphasis added.)

3

The written final judgment memorialized the trial court's oral pronouncement, except for one finding: "This Court finds that Husband has met his burden that all assets and liabilities of the parties are non[]marital."

Former Wife challenges that finding. The parties acquired all of the assets and liabilities, except for the Honda Accord and Tallahassee house, during the marriage, and the trial court orally ruled that Former Husband's 1994 Infiniti J30 was a marital asset. Former Husband contends that the trial court's designation was a scrivener's error and thus harmless. Yet, he "concede[s] that remand with instructions . . . to conform the written judgment to the oral pronouncement, thus correcting the scrivener's error in the final judgment, may be warranted."

"[T]he trial court's oral pronouncement must conform to the written judgment." *Karkhoff v. Robilotta*, 309 So. 3d 229, 232 (Fla. 4th DCA 2020) (quoting *Goosby v. Lawrence*, 711 So. 2d 577, 578 (Fla. 3d DCA 1998)). Where the written judgment conflicts with the oral pronouncement, the oral pronouncement controls. *Id.* (first citing *Cappola v. Cappola*, 280 So. 3d 102, 104 (Fla. 4th DCA 2019); and then citing *Cajuste v. Herlitschek*, 204 So. 3d 80, 83 (Fla. 4th DCA 2016)). "If the written judgment suffers from internal conflict or inconsistency, it 'should be reversed and remanded for correction or clarification.' " *Id.* (quoting *Weymouth v. Weymouth*, 87 So. 3d 30, 36 (Fla. 4th DCA 2012)).

"Marital assets and liabilities" include "[a]ssets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them." § 61.075(6)(a)1.a. A trial court shall distribute the parties' marital assets and liabilities equally "unless there is a justification for an unequal distribution based on all relevant factors" listed in section 61.075(1)(a)-(j). § 61.075(1).

4

The trial court orally pronounced that Former Wife's Honda Accord was the parties' "only nonmarital vehicle" and that Former Wife's Tallahassee home was nonmarital property. We cannot agree, however, that all assets and liabilities were nonmarital. It is clear from the record that the trial court found that at least some of the parties' vehicles were *marital* property. Consequently, the written judgment does not comport with the trial court's oral findings. Former Husband concedes as much.

Additionally, if all the assets were nonmarital, there would be no need to justify an unequal distribution. *See* § 61.075(1). The written final judgment itself is internally inconsistent. Therefore, we reverse the trial court's finding in the written final judgment that all of the parties' assets and liabilities were "non[]marital" and remand for the trial court to enter an amended final judgment that conforms with its oral findings. *See Brewer v. Brewer*, 3 So. 3d 432, 433 (Fla. 2d DCA 2009) ("Reversal is required where the final judgment is inconsistent with the trial court's oral pronouncement."); *Karkhoff*, 309 So. 3d at 232-33 (reversing for clarification when the final judgment was internally inconsistent).

Affirmed in part, reversed in part, and remanded.

SILBERMAN and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.