# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

KIMBERLEY A. WHITACRE,

Appellant,

v.

JASON P. RAGAN,

Appellee.

No. 2D2023-1906

_____

June 21, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Hillsborough County; James S. Moody, III, Judge.

Kimberley A. Whitacre, pro se.

No appearance for Jason P. Ragan.

KELLY, Judge.

In this child custody dispute, Jason P. Ragan (the father) moved to dissolve an emergency temporary custody order and to reinstate the original timesharing schedule in the final judgment of paternity which gave him eighty percent of timesharing with the parties' three children. Kimberley A. Whitacre (the mother) moved to continue the hearing on the motion to dissolve so that it could be heard in conjunction with her supplemental petition to modify the final judgment. She argued that the

temporary custody order had been in effect for over four years and that, thus, it would be in the children's best interests to determine the modification petition at the same time to avoid multiple changes in custody and instability in the children's lives. The trial court denied the mother's motion, and a hearing was held exclusively on the father's motion to dissolve the temporary custody order. Ultimately, the trial court granted the father's motion and ordered an immediate change in primary timesharing to the father. On appeal, the mother argues that the trial court denied her due process by precluding her from presenting any evidence at the hearing regarding the best interests of the children.[1] We agree and reverse. *See* § 61.13(2)(c), Fla. Stat. (2023) (requiring that the court "determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child").

To keep the temporary custody order in effect, the mother had the burden of proving that the best interests of the children would be promoted by keeping the status quo pending the hearing on her petition to modify the final judgment. *See Smith v. Crider*, 932 So. 2d 393, 399 (Fla. 2d DCA 2006) (noting that the burden remained on the parent with temporary custody to present grounds for maintaining the temporary change in custody); *Williams v. Williams*, 845 So. 2d 246, 249 (Fla. 2d

---

[1] The mother also argued that the trial court erred in failing to appoint a guardian ad litem under section 61.401, Florida Statutes (2019) ("In such actions which involve an allegation of child abuse . . . the court shall appoint a guardian ad litem for the child."). However, the request for the appointment of a guardian ad litem would have been more appropriately granted at the time the emergency temporary custody order was rendered—rather than in conjunction with the motion to dissolve the custody order—as no abuse was alleged during the proceedings on the motion to dissolve.

DCA 2003) (remanding for an evidentiary hearing to allow the mother to present evidence of the child's best interests in determining the child's primary residence pending a final hearing on the father's petition for modification of the final judgment). At the hearing, the mother attempted to call as a witness a teacher from the children's school, but the trial court refused to entertain any evidence that did not address the grounds in the motion to dissolve the temporary custody order. The court stated that the issue before the court was whether the emergency precipitating the entry of the temporary order still existed and that evidence of the best interests of the children would be more appropriately presented at the hearing on the petition to modify the final judgment. Only the father's witnesses were permitted to testify.

The trial court abused its discretion in failing to consider the mother's evidence of the children's best interests. *See Wilson v. Roseberry*, 669 So. 2d 1152, 1154 (Fla. 5th DCA 1996) ("[T]o conduct a proper inquiry into [child custody] issues both parties must generally be given the opportunity for a full hearing where the parties and their witnesses are given an opportunity to testify."). The trial court was focused on the issue of whether the emergency circumstances on which the order was based continued to exist. However, "a trial court may extend temporary custody pending resolution of a petition for modification without an emergency being present." *Cappola v. Cappola*, 280 So. 3d 102, 104 (Fla. 4th DCA 2019); *see also Naidu v. Naidu*, 854 So. 2d 705, 707 (Fla. 3d DCA 2003) ("[T]he trial court did not abuse its discretion by temporarily maintaining the status quo because courts generally try to cause the least amount of disruption in the child's life.").

Accordingly, we reverse the order dissolving the temporary custody order. But because several months have elapsed since the entry of the

3

order on appeal and this court has no information regarding the status of the parents or the children, we remand with directions that, barring an emergency, the children's present custody arrangement be maintained until the court determines the mother's amended supplemental petition for modification. *See Ashby v. Murray*, 113 So. 3d 951, 955 (Fla. 5th DCA 2013) (ordering the court to maintain the current custody status to minimize disruption to the child until the hearing on the issues of custody and visitation). In so holding, we do not suggest how the mother's petition for modification should be decided. "The trial court maintains its discretion to make that decision" on remand. *Tavares v. Enoch*, 301 So. 3d 1106, 1109 (Fla. 4th DCA 2020).

Reversed and remanded with directions.

CASANUEVA and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4